FILED

Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

2012 JUL 13 AM 10: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN UTTER-GRATREAKS and DAWN UTTER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED RECOVERY GROUP and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: **CV12-6033** -JFW (ORx)<br><br>COMPLAINT FOR DAMAGES |

Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their complaint against the Defendant UNITED RECOVERY GROUP alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by individual consumers for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiffs are natural persons residing in Hanford, California.
3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Ontario, CA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiffs reallege paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff Dawn Utter (hereinafter referred to as "Plaintiff Dawn") to one Clout Financial Services.
7. That at a time unknown to Plaintiffs herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

### Count One

8. Plaintiffs reallege paragraphs 1 through 7 as if fully restated herein.
9. That on or about March 30, 2012, Defendant attempted to contact Plaintiff Dawn at her place of employment in an attempt to collect the aforementioned debt.
10. That Defendant's agent spoke to Plaintiff Dawn's coworkers and deceptively informed them that he was a process server and that Plaintiff Dawn would be sued and served at work.

11. That Defendant called from the following number, **866-385-3552**, a number which, upon information and belief, is a telephone number belonging to Defendant.

*Count Two*

12. Plaintiffs reallege paragraphs 1 through 11 as if fully restated herein.
13. That subsequent to Defendant's communications with Plaintiff Dawn's co-workers, Plaintiff Adrian Utter-Gratreaks (hereinafter referred to as "Plaintiff Adrian") spoke to Defendant regarding the alleged debt.
14. That on or about Saturday, March 31, 2012, Defendant, without requesting information to verify identity, proceeded to discuss the alleged debt with Plaintiff Adrian.
15. That during said communication, Defendant's agent informed Plaintiff Adrian that Plaintiff Dawn was being sued for a debt in the amount of approximately $5,600.00 pursuant to a letter that Defendant mailed to Plaintiff Dawn six weeks prior.
16. That upon information and belief, Defendant did not provide Plaintiff Dawn with said letter, contrary to Defendant's representations.
17. That Defendant's agent warned Plaintiff Adrian that his company was willing to have a **judgment** rendered in order to obtain payment.
18. That Defendant's agent further threatened Plaintiff Adrian that Defendant would **place a lien on Plaintiff Dawn's car, attach wages and obtain access to bank accounts.**
19. That Defendant deceptively stated that *anything* in **Plaintiff Dawn's name could be seized** in an attempt to intimidate and coerce immediate payment.
20. That when Plaintiff Adrian asked about the car, Defendant's agent stated that not only would Defendant take the car, **Defendant would "intercept" Plaintiffs' car payments.**

21. That Defendant's agent demanded that **payment must be immediately made by the end of that day.**
22. That Defendant's agent warned Plaintiff that without payment, she would be **served at home** that following Monday morning (which would have been <u>two</u> days later) and that there would no way to settle the matter out of court.
23. That feeling intimidated and extremely pressured, Plaintiff Adrian began to suffer a great deal of anxiety as a result of Defendant's threatening statements.
24. That when Plaintiff informed Defendant's agent that she couldn't make a large payment at that moment and that she had other payments due, Defendant's agent said it didn't matter what was due.
25. That Defendant's agent deceptively informed Plaintiff Adrian that he knew what her income was and that the money appeared to be there.
26. That Plaintiff Adrian began to cry over the phone.
27. That Plaintiff Adrian felt that an immediate payment of the alleged debt was her only option and that failing to do so would put their whole life at risk.
28. That out of fear and desperation, Plaintiff Adrian offered to pay Defendant $100 a month.
29. That in response, Defendant's agent scoffed at Plaintiff Adrian's offer and told her that her offer was an insult.
30. That Defendant further pressured Plaintiff Adrian and falsely told her that **he couldn't prevent her from being served.**
31. That in response, Plaintiff Adrian offered to make a $100 payment that day, which Defendant's agent immediately accepted.
32. That Plaintiff Adrian gave Defendant's agent her credit card information to remit payment.
33. That shortly after their communication, Plaintiffs researched Defendant's company and discovered that there were several lawsuits pending against Defendant for its egregious and unlawful conduct.

34. That Plaintiff Adrian immediately contacted Defendant's agent to cancel payment to which Defendant's agent told her to **"get a life"** and abruptly ended the call.

35. That during said communications, Defendant's agent(s): 1) failed to identify themselves as a debt collector; 2) failed to indicate that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and 3) that Defendant used obscene and profane language in an attempt to collect a debt.

36. That the communications contain deceptive, misleading and confusing representations with regard to a consumer's right to dispute a debt as well as overshadowing and abusive language which contradicts the consumers' rights.

37. That said phone conversations contained language demonstrating false statements and threatening implications, including imminent threats to take actions that cannot or would be taken.

38. That the communications caused an unnecessary urgency in attempt to coerce the Plaintiffs to pay the alleged debt.

39. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (b), (c), (d), (e), (f) and (g) in that the representations made by the Defendant are harassing, confusing, misleading, deceptive, threatening, unfair and fail to advise Plaintiffs of their legal rights as required by law.

   i. That the Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information and 2) the Defendant did not state that he was confirming or correcting location information;

   ii. The Defendant violated 15 U.S.C. § 1692c because the Defendant communicated with third parties, in an attempt to collect a debt;

   iii. Defendant violated 15 U.S.C. §1692d by using obscene or profane language the natural consequence of which is to abuse and harass the Plaintiffs;

    iv. Defendant violated 15 U.S.C. §1692d by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    v. Defendant violated 15 U.S.C. §1692e by using false representations and deceptive means to collect the alleged debt and obtain information concerning Plaintiffs;

    vi. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

    vii. Defendant violated 15 U.S.C. § 1692g by failing to provide written notice as required by law.

40. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

41. That following Defendant's conduct, Plaintiffs suffered actual damages, including, but not limited to: stress, depression, anxiety, extreme humiliation and sleepless nights.

42. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to Plaintiffs for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

43. Plaintiffs realleges paragraphs 1 through 42 as if fully restated herein.

44. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

<mark><mark><mark>Case 2:12-cv-06033-JFW-OP   Document 1   Filed 07/13/12   Page 7 of 12   Page ID #:9</mark></mark></mark>

45. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   i. By causing a telephone to ring repeatedly or continuously to annoy the person called and by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, Defendant has violated §§ 1788.11(d) & (e);

   ii. By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendant has violated §1788.13(j);

   iii. By failing to include certain debt collection notices and disclosures required by law.

46. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs are entitled to recover their actual damages sustained as a result of Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiffs, which damages are in an amount to be proven at trial.

47. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiffs are entitled to recover, in addition to their actual damages, penalties of at least $1,000 per violation as provided for in the Act.

48. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiffs are entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

//
//
//
//

<mark>7
Complaint for Damages</mark>

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial as to the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d) For such other and further relief as may be just and proper.

(e) Plaintiffs request trial by jury on all issues so triable.

Dated: July 10, 2012

AMIR J. GOLDSTEIN, ESQ.

_____
Amir J. Goldstein
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**CV12- 6033 JFW (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ADRIAN UTTER-GRATREAKS and DAWN UTTER, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-6033 JFW(OPx) |
| UNITED RECOVERY GROUP and DOES 1 through 10 inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Amir J. Goldstein, Esq._____, whose address is 5455 Wilshire Boulevard, Suite 1812 Los Angeles, CA 90036_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 13 2012        By: MARILYN DAVIS
                              Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ADRIAN UTTER-GRATREAKS and DAWN UTTER,

**DEFENDANTS**
UNITED RECOVERY GROUP and DOES 1 through 10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036
Tel 323.937.0400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No         ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV12-6033

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                           CIVIL COVER SHEET                                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Kings |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Kings |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _7/10/12_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |